IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 8 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02908-BNB

ANTHONY J. KEE,

    Applicant,

v.

WARDEN KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER OF DISMISSAL

---

I. Background

    Applicant, Anthony J. Kee, is in the custody of the Colorado Department of Corrections. Mr. Kee, acting *pro se*, initiated this action by filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order entered on December 8, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed a Pre-Answer Response on December 28, 2010. Mr. Kee filed a Reply on January 20, 2011.

    In the Application, Mr. Kee asserts that he was convicted by a jury on one count of attempted first degree murder and one count of first degree assault with a deadly weapon, and was sentenced to a total of forty-eight years of incarceration. Mr. Kee also asserts that he filed a direct appeal, and that his petition for certiorari review on direct appeal was denied on May 22, 2006. He asserts that he filed a Colo. R. Crim. P.

35(c) postconviction motion on August 24, 2007, that was denied on November 2, 2007. Mr. Kee further asserts that he did not file an appeal of the Rule 35(c) postconviction motion because from March 5, 2005, until May 5, 2009, he was held in the administrative maximum segregation unit and did not receive a copy of the order denying the motion until he was released from the segregation unit. In this action, Mr. Kee raises one claim of ineffective assistance of counsel.

II. Analysis

The Court must liberally construe the Application and Reply because Mr. Kee is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period under 28 U.S.C. § 2244(d).

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the

>   Supreme Court, if the right has been newly
>   recognized by the Supreme Court and made
>   retroactively applicable to cases on collateral
>   review; or
>
>   (D) the date on which the factual predicate of
>   the claim or claims presented could have been
>   discovered through the exercise of due
>   diligence.
>
>   (2) The time during which a properly filed application for
>   State post-conviction or other collateral review with respect
>   to the pertinent judgment or claim is pending shall not be
>   counted toward any period of limitation under this
>   subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Kee's Application is time-barred. They contend that because the Colorado Supreme Court denied certiorari in Mr. Kee's direct appeal on May 22, 2006, the limitations period under § 2244(d) began to run on August 20, 2006, which is ninety days after the time ran for Mr. Kee to seek review in the United States Supreme Court. (Pre-Answer Resp. at 5.) Respondents further assert that time was not tolled for the purposes of § 2244(d) for thirty-four days after August 20, 2006, until Mr. Kee filed a Colo. R. Crim. P. 35(b) motion for reconsideration on September 22, 2006. (*Id.*) Respondents also contend that the time was not tolled for 270 days, from November 28, 2006, when the motion for reconsideration was denied, until August 24, 2007, when Mr. Kee filed a Rule 35(c) postconviction motion. (Pre-Answer Resp. at 6.) Finally, Respondents assert that the Rule 35(c) postconviction motion was denied on November 2, 2007, and sixty days later on January 1, 2008, the one-year limitation period expired. (*Id.*)

The Court agrees with Respondents that (1) Mr. Kee's conviction and sentence was final on August 20, 2006, *see Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir.

2001), and Sup. Ct. R. 13.1; (2) he filed a Rule 35(b) postconviction motion on September 22, 2006, that was denied on November 28, 2006; and (3) he filed a Rule 35(c) postconviction motion on August 24, 2007, that was denied on November 2, 2007. (Pre-Answer Resp., Appx H at 1.) However, contrary to Respondents' argument that the limitations period commenced running on the date the two postconviction motions were denied (November 28, 2006, and November 2, 2007), Mr. Kee had forty-five days to appeal the denial of these motions, and the time for purposes of § 2244(d) also was tolled from November 28, 2006, until January 12, 2007, and from November 2, 2007, until December 17, 2007. Nonetheless, even when the limitations period is tolled for an additional ninety days, it expired at the latest by March 2008. Mr. Kee did not file the instant action until November 30, 2010.

Mr. Kee does not allege in the Application or the Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to this claim. He also does not assert that he did not know or could not have discovered the factual predicate for this claim challenging the validity of his conviction and sentence at the time of his conviction and direct appeal or that there were any impediments to filing an application regarding the claim which were created by state action. The action, therefore, is time-barred under § 2244(d).

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2652 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to

4

be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting **Wallace v. Kato**, 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. **Yang**, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson v. Klinger**, 232 F.3d 799, 808 (10th Cir. 2000). However, "[a] sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." **Lopez v. Trani**, ---- F.3d ----, 2010 WL 4923891 * 3 (10th Cir. 2010).

Mr. Kee asserts that he was placed in administrative segregation from March 5, 2005, until May 5, 2009, and that during this time he was in twenty-three hour lockdown, had limited contact with people, and had limited access to legal resources. Mr. Kee further claims that (1) he could not have known about the one-year time limitation to file a § 2254 habeas action; (2) he only learned of the time limitation when he received the filing form used for filing § 2254 actions from the Clerk of the Court on December 31, 2009; and (3) he has been preparing his habeas since he received the form. (Application at 12.) In his Reply, Mr. Kee further asserts that during the time he was housed in administrative segregation (1) he was not allowed to go to the prison library; (2) he was not able to obtain legal advice from the library staff; and (3) he was not given law books to research, but only received photocopies of items that he requested. (Reply at 2-3.) Mr. Kee also contends that he did not learn about the denial

of his Rule 35(c) postconviction motion until his release from administrative segregation, which he claims was May 5, 2009. (*Id.* at 3.)

Mr. Kee's arguments for equitable tolling are unavailing. First, Mr. Kee must allege with specificity the steps he took to pursue his federal claims. Mr. Kee concedes that as early as December 2009 he knew he had only one year to file a § 2254 habeas action in this Court after exhausting his state court remedies. Mr. Kee does not state specifically why it took him almost one year to prepare his Application. Mr. Kee sets forth only one claim, and the issues are not overly complex. Second, although Mr. Kee asserts that he had limited access to legal resources, he does not claim that his requests for legal items were denied. Furthermore, Mr. Kee filed both postconviction motions while he was housed in administrative segregation. Mr. Kee obviously was able to obtain legal information regarding the filing of those motions and does not claim that he had to rely on resources other than those he requested from and was provided by prison staff.

The Court further finds that Mr. Kee did not act with diligence in waiting over two years to pursue his Rule 35(c) motion. Even if Mr. Kee did not receive a copy of the trial court's order denying his Rule 35(c) motion for over two years, he failed to act with diligence in not inquiring about the status of the motion during that time. To the extent Mr. Kee asserts ignorance of the law as an excuse for not filing this action earlier, the Tenth Circuit has found that it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." **Marsh v. Soares**, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting **Fisher v. Johnson**, 174 F.3d 710, 714 (5th Cir. 1999)). Finally, Mr. Kee does not assert actual innocence or that he filed a defective pleading during the statutory period. Mr. Kee, therefore, fails to

demonstrate, in either the Application or the Reply, justification for equitable tolling of the one-year limitation period. The action will be dismissed as time-barred under 28 U.S.C. § 2244(d).

B. State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. **Steele v. Young**, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." **See Hickman v. Spears**, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). "A state court remains free under [**Michigan v. Long**, 463 U.S. 1032 (1983)] to rely on a state procedural bar and thereby to foreclose federal habeas review to the extent permitted by [**Wainwright v. Sykes**, 433 U.S. 72 (1977)]." **See Harris v. Reed**, 489 U.S. 255, 264 (1989).

Mr. Kee's claim is subject to what is deemed as an "anticipatory procedural bar." **See Anderson v. Sirmons**, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). Mr. Kee does not assert and the state court record (Pre-Answer Resp., Appx. H) indicates he requested that the CCA accept an appeal as untimely. The CCA has applied Colo. App R. 4(b) uniformly and evenhandedly in cases featuring an appeal of Rule 35(c) postconviction motions. **See, e.g., People v. Banuelos-Landa**, 109 P.3d 1039, 1041 (Colo. App. 2004); **People v. Adams**, 905 P.2d 17, 18 (Colo. App. 1995). This Court, therefore, finds that a denial by the CCA of any appeal Mr. Kee may file at this time

8

would be a denial on an independent and adequate state procedural ground that is strictly or regularly followed and applied evenhandedly. The Colorado Rules of Criminal Procedure also prohibit successive postconviction Rule 35 motions with limited exceptions. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). The exceptions are not applicable to Mr. Kee's claims. *Id.*

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." **Jackson v. Shanks**, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. **See Coleman v. Thompson**, 501 U.S. 722, 730 (1991). Mr. Kee's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. **See Lepiscopo v. Tansy**, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Kee must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. **See Murray v. Carrier**, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." **McCleskey v. Zant**, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Ineffective assistance of counsel may establish cause excusing a procedural default. **Jackson v. Shanks**, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor

external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488-89.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Mr. Kee first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id*. Mr. Kee then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Mr. Kee fails to present any new reliable evidence that demonstrates he is actually innocent and that a failure to consider his claims will result in a fundamental miscarriage of justice. Mr. Kee also fails to show cause. His claim that he was unaware of the denial of his Rule 35(c) postconviction motion for over two years does not support a finding that a factor external to the defense impeded his ability to comply with the state's procedural rule. Mr. Kee had access to legal materials and was able to file a Rule 35(c) postconviction motion. As stated above, Mr. Kee failed to act diligently in overseeing the litigating of his Rule 35(c) postconviction motion. Mr. Kee, therefore, does not state a factor external to the defense impeded his ability to comply with the state's procedural rule. As a result, his ineffective assistance of counsel claim is

procedurally barred in a federal habeas action. Nonetheless, the Court will dismiss the action as time-barred pursuant to 28 U.S.C. § 2244(d).

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Kee has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this 17th day of February, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02908-BNB

Anthony J Kee
Prisoner No. 121364
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 18, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk